11-809-ag
He v. Holder

BIA
Van Wyke, IJ
A099 682 963

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand twelve,

PRESENT:

> ROGER J. MINER,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

FANG XIN HE,
>        *Petitioner,*

>        v.                                    11-809-ag
                                               NAC

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael Brown, PC, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Nairi S. Gruzenski, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Fang Xin He, a native and citizen of the People's Republic of China, seeks review of a February 15, 2011, order of the BIA, affirming the February 11, 2009, decision of Immigration Judge ("IJ") William Van Wyke, which denied He's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fang Xin He*, No. A099 682 963 (B.I.A. Feb. 15, 2011), *aff'g* No. A099 682 963 (Immigr. Ct. N.Y. City Feb. 11, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B) (2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of

the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii) (2006). Analyzed under the REAL ID Act, substantial evidence supports the agency's adverse credibility determination.

In finding He not credible, the agency reasonably relied in part on his demeanor, finding that He's testimony was often evasive, incoherent, vague, and non-responsive. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ's adverse credibility determination was supported further by specific examples of He's contradictory testimony and written submissions, particularly with respect to the date and length of his detention following his arrest in China for distributing flyers promoting Falun Gong. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). A reasonable fact finder would not be compelled to credit He's explanations for these inconsistencies. *Majidi*, 430 F.3d at 80-81.

Furthermore, contrary to He's argument that the agency failed properly to consider a hospital report that allegedly

3

corroborates his testimony, both the IJ and the BIA expressly acknowledged the medical evidence in their decisions and did not err in finding that this single unauthenticated document did not eliminate the various defects in He's testimony and written submissions. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. The agency's denial of He's application for asylum and withholding of removal was not in error as both claims share the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir. 2006) (withholding of removal).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

```
                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk
```